And,
By the Court :
It must be considered as beneficial to the defendant, to have, at his request, forbearance on his note till the first of June, and liberty then of paying it in rum at Hartford instead of New Haven.—These benefits, of the plaintiff by way of consideration stipulated on his part; and it was in his power to substantiate them, as he had the note in his hands, and if he had not done it an action would have lain against him. It is true, that the defendant was not by this stipulation or his counter-promise discharged from the note; but a performance of his promise would have entitled him to a discharge, which he might have had or a compensation in damages—And it was his own folly or fraud afterwards to settle the note with the original promissee, who he knew had no equitable title to the money, and having dispossessed himself of the note could not compel the payment of it.—The consideration, therefore, was sufficient, and the defendant by his special undertaking became bound in law, as he was before in equity, to pay the contents of said note to the plaintiff.—wherefore the plaintiff should have had judgement upon the verdict found in his favor.